## S. M. Chambliss v. The State.

No. 13696.   Delivered November 19, 1930.
Reported in 32 S. W. (2d) 844.

The opinion states the case.

*E. A. Smith* and *King, Mahaffey, Wheeler & Bryson,* all of Texarkana, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, two years in the penitentiary.

Raiding officers searched the "Double Five Cafe and Lunch Room" in the town of Texarkana.   In it they found four pints of whiskey.   "One of them was sitting on the ice box and three of them were in a paper sack on the kitchen table."   Officers found S. R. Chambliss, the son of appellant, in the building.   Appellant himself was not present.   The nearest approach to a case against the appellant is the following testimony of an officer:

"I have seen this defendant in and out there ever since I have been in office, and I have seen him with a white apron on working. I have seen him in there working with a white apron on since this raid.   His son was not there then."

This officer further testified:

"Yes, I arrested S. R. Chambliss, the young man and carried him to jail and charged him with possession of whiskey.   He said it was his whiskey.   I do not remember whether or not he said it was in his possession.   Yes, he said it was his whiskey.   I arrested him for it."

S. R. Chambliss was the son of appellant and was apparently in possession of the whiskey.   If appellant here was ever seen in possession of any whiskey or in such relation to the offense here

charged as would make him a principal, we are unable to find it in this record. No date is given when he was ever seen in this building. Defensively it appears that the place belonged to his son and that he was occasionally in there helping his son out in the restaurant business. He was not about the place when the whiskey was discovered. It is not shown that he was doing anything at the time in aid of S. R. Chambliss, who possessed the whiskey. There is no testimony, circumstantial or otherwise, that he had agreed to the commission of the offense. It further defensively appears that the whiskey had just been brought into the place and that it was not for sale. That some of it was in a paper sack rather tends to bear out this theory. The man actually found there in the building was charged with the possession of the whiskey and admitted its ownership and we know of no theory of law that would make another man a principal who had merely been seen occasionally in the building, particularly at a time when the evidence fails to show the presence therein of intoxicating liquor.

Believing the evidence insufficient, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

HAWKINS, J., absent.